**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Hongli Xin,

Petitioner,

v.

Unknown Party, *et al.*,

Respondents.

No. CV-26-06832-PHX-JJT

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 3.) In the Response, Respondents state: "The Government does not oppose a bond hearing. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, ___ F.4th ___ (9th Cir. July 30, 2026)." (Doc. 8 at 1.) The Court accepts this concession as non-opposition to granting the Petition in part and granting a bond hearing.[1]

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

[1] In his Reply, Petitioner argues that he is entitled to immediate release because his release on parole in July 2022 created a protected liberty interest in remaining at liberty. (Doc. 9 at 3-5.) Petitioner alleges that he was paroled under 8 U.S.C. § 1182(d)(5)(A). (Doc. 1 ¶ 42.) This Court recently declined to find that an alien paroled into the United States retains a liberty interest in continued release after the parole ends. *Sequeira v. Unknown Party*, No. CV-26-02697-PHX-JJT, Doc. 25 at 3-5 (D. Ariz. Oct. 5, 2026). The Court therefore denies Petitioner's request for immediate release.

(2) Respondents must provide Petitioner a bond redetermination hearing within **seven days** of the date of this Order.

(3) Petitioner's request for immediate release is **denied**.

(4) Respondents must file a notice of compliance within **three days** of the bond hearing.

(5) Any pending motions are **denied** as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 13th day of October, 2026.

Honorable John J. Tuchi
United States District Judge